O

JS - 6

cc: order, docket and remand letter to
Los Angeles Superior Court, North Central
District, Burbank EC 050739

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILIA PEREZ, | ) Case No. CV 09-06824 DDP (PLAx) |
| Plaintiff, | ) **ORDER VACATING MOTIONS TO DISMISS AND REMANDING ACTION TO STATE COURT** |
| v. | ) |
| GMAC MORTGAGE CORPORATION; CENTRAL MORTGAGE COMPANY, INC.; OLD REPUBLIC DEFAULT MANAGEMENT SERVICES, | ) [Motions filed on September 23, 2009, September 25, 2009, and December 21, 2009] |
| Defendants. | ) |

Plaintiff filed her initial Complaint against GMAC Mortgage, LLC ("GMAC"), Central Mortgage Company ("CMC"), and Old Republic Default Management Services, Inc. (collectively "Defendants"), in Los Angeles Superior Court on August 18, 2009, asserting state and federal causes of action relating to a residential mortgage transaction.[1]  Defendants removed on September 18, 2009.

Defendants GMAC and CMC filed motions to dismiss on September 23, 2009, and September 25, 2009, respectively.  (Dkt. Nos. 5 & 8.) Instead of opposing the motions, Plaintiff attempted to file a First Amended Complaint ("FAC") as of right on November 23, 2009.

---

[1] GMAC was erroneously sued as GMAC Mortgage Corporation and CMC was erroneously sued as Central Mortgage Company, Inc.

(Dkt. No. 16.) However, due to procedural errors in filing, the document was stricken on November 25, 2009. (Dkt. No. 18.) On December 8, 2009, the Court ordered Plaintiff to properly file her FAC no later than December 18, 2009, warning that failure to do so would be deemed consent to granting both motions. (Dkt. No. 19.) In compliance with the Court's order, Plaintiff properly filed the FAC on December 10, 2009. (Dkt. No. 20). On December 21, 2009, Defendant CMC filed a motion to dismiss the FAC. (Dkt. No. 21.)

In the FAC, Plaintiff has voluntarily dismissed all causes of action arising under federal law. The FAC asserts only violations of state law against all Defendants. After dismissal of all federal claims, a court may decline to exercise supplemental jurisdiction over the remaining state law claims and remand the case sua sponte if there exists no independent basis for subject matter jurisdiction. 28 U.S.C. §§ 1367(c), 1447(c); Osborn v. Haley, 549 U.S. 225, 245 (2007) (citing Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350-51 (1988)). Because the federal claims have been dismissed so early in this litigation, the Court declines to exercise supplemental jurisdiction over the state law claims.

Accordingly, the Court (1) VACATES both motions to dismiss the Complaint and CMC's motion to dismiss the FAC and (2) REMANDS the case to state court.

IT IS SO ORDERED.

Dated: December 22, 2009

DEAN D. PREGERSON
United States District Judge

2